[Civ. No. 4132. Third Appellate District.—October 28, 1930.]

JAMES R. SCOTT, Appellant, v. CITY OF LONG BEACH (a Municipal Corporation), Respondent.

C. Douglas Smith for Appellant.

Nowland M. Reid, City Attorney, and George W. Trammell, Jr., Assistant City Attorney, for Respondent.

MR. PRESIDING JUSTICE FINCH Delivered the Opinion of the Court.—The plaintiff brought this action to recover damages for the death of his son, alleged to have been caused by the negligence of the defendant. The court refused to direct a verdict for the defendant and one was returned in favor of the plaintiff. Thereafter, on motion of the defendant, the court rendered judgment in its favor, notwithstanding the verdict, as permitted by section 629 of the Code of Civil Procedure. The plaintiff has appealed from the judgment. The statement of facts herein is taken largely from appellant's opening brief.

The defendant "owned and maintained as a part of its general system of public recreation", from which it received no revenue, "a channel of water", known as Recreation Park Lagoon, connected with the ocean and in which the ocean tides ebbed and flowed. More than six months prior to the accident the defendant "caused the channel to be dredged and deepened to a depth of twenty-five feet. . . . Earth was removed from the channel and deposited upon the property adjacent to form the slope of the channel and establish a bathing beach. Sand was also placed adjacent to the water's edge to provide a more suitable condition for bathers. . . . At the point and place in question at said channel a lifeline was stretched crosswise of the channel, but no markers, notices or signs indicating the depth of the water in the channel at the particular point and place in question had been or were present on the 3d day of September, 1926, the date of the tragedy. . . . On said 3d day of September,

1926, one James Scott, junior, a minor son of the plaintiff in this action and of the age of fifteen years, together with several other boys of approximately his own age'' and their leader ''proceeded to said channel for the purpose of swimming, where, after approximately ten minutes after having reached the channel, he was drowned. . . . There were no eye-witnesses to the drowning of young Scott. When last seen by any of his companions, he was holding to the rope which stretched crosswise the channel, kicking his. feet in an endeavor to learn the art of swimming, and about four or five feet from the edge of the water.'' About seven feet from the edge of the water the bottom of the channel was slippery in places and at about the same point the slope of the bottom became steeper.

█ It may be conceded, as appellant contends, that the defendant negligently failed to place warning signs at the commencement of the deep water in the channel. (Stats. 1923, p. 675.) The only purpose such signs would have served, as applied to the facts of this case, would have been to inform the deceased of the depth of such water. But the uncontradicted evidence shows that he was given that information a few minutes before the accident, after he had himself discovered the line of deep water by getting beyond his depth. The leader of the boys testified:

''Right after we arrived there . . . I noticed he was out of breath and I said, 'What's the matter, Jimmie?' He said, 'I got out over my head.' I said, 'What's the matter? Don't you know how to swim?' He said, 'No, I don't; will you teach me, will you show me?' I said, 'Yes,' and he said, 'All right, just a minute until I get my breath.' . . . When he said, 'I got out over my head,' I said, 'Yes, there is a drop off, you want to be careful, Jimmie,' and at the same time some of the other boys who were gathered around also spoke up and said, 'Yes, there is a big drop off, twenty-five feet deep out there, you better look out, Jimmie.' ''

There is an entire lack of evidence as to the cause of the accident. █ Appellant contends that the jury may have drawn certain inferences of negligence on the part of the defendant. It is true that many conjectures may be indulged as to the cause of the accident, some favorable to the defendant, but inferences are not to be drawn from conjectures. The burden of proof is on the plaintiff. In the

absence of any evidence as to the cause of the accident, that burden has not been sustained. Appellant relies on the language of *Davis* v. *Pacific Power Co.*, 107 Cal. 563, 575 [48 Am. St. Rep. 156, 40 Pac. 950], but the court was there considering the question of the plaintiff's alleged contributory negligence, it having been shown that the plaintiff was injured through the defendant's negligence. There is nothing in this case warranting the inference of contributory negligence, but it does not follow that the defendant was negligent. Many serious accidents occur which are not due to the negligence of anyone.

The judgment is affirmed.